UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-98-FDW

| | |
|---|---|
| TERRY LYNN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| FNU HEDRICK, et al., | )    ORDER |
| Defendants. | ) ) ) ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). On August 5, 2014, this Court entered an order granting Plaintiff in forma pauperis status and allowing Plaintiff to waive the initial filing fee. (Doc. No. 7).

**I.**    **FACTS**

Pro se Plaintiff Terry Lynn Harris, a state court inmate incarcerated at Mountain View Correctional Institution, filed the instant Complaint on June 4, 2014, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: FNU Hedrick, a Correctional Officer at Alexander Correctional Institution; Richard D. Thomas, a Correctional Administrator at Alexander Correctional Institution; Adrian W. Dellinger, an Assistant Attorney General with the North Carolina Department of Justice; and Frank L. Perry, Secretary of the North Carolina Department of Public Safety. Plaintiff alleges that on September 22, 2010, while he was incarcerated at Alexander Correctional Institution, he was transferred to a segregation unit. (Doc. No. 1 at 3). Plaintiff alleges that Defendant Hedrick packed and inventoried Plaintiff's property for the transfer. Plaintiff alleges that a disciplinary report later noted that Defendant

-1-

Hedrick had found contraband in Plaintiff's cell. According to Plaintiff, an inventory signed by Defendant Hedrick stated that Hedrick had seized "six pictures" from Plaintiff's cell. (Id.). Plaintiff alleges that the prison confiscated and never returned to Plaintiff the property that had been seized. Plaintiff alleges that "personal property was illegally seized and destroyed absent due process of law and absent due recompense in violation of the United States Constitution's Fifth (5th) and Fourteenth (14th) Amendments." (Id. at 6).

Plaintiff alleges that he subsequently brought an action before the North Carolina Industrial Commission challenging the confiscation of his property. He alleges that during a hearing before the Industrial Commission, Defendant Dellinger, an Assistant Attorney General with the North Carolina Department of Justice, "knowingly, deliberately, and maliciously perpetrated a fraud before the said Commission and/or Commissioner whereby the Fifth (5th) and Fourteenth (14th) Amendment due process and lack of due recompense violations were perpetrated by and through false presentations to the Commission/Commissioner." (Id. at 4). According to Plaintiff, the Commission "erroneously denied the petition" and the North Carolina Court of Appeals subsequently "declined to act." (Id. at 6). Plaintiff requests from this Court a "de novo review of the claim adjudicated at [the] state level in light of the federally based constitutional claims." (Id.). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As noted, Plaintiff alleges in his Complaint that he filed an action in the North Carolina Industrial Commission dealing with the same facts that are involved in this action, and he states that he did not prevail in that action. Plaintiff claims here that his constitutional rights were violated at the time of the initial confiscation of his property and also at the subsequent hearing before the North Carolina Industrial Commission. Because Plaintiff is attempting to seek review by this federal court of a state court action that has already been adjudicated, this action is barred by the Rooker-Feldman doctrine, which bars federal courts from sitting "in direct review of state court decisions." District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was unconstitutional. Id. at 486. The doctrine also bars actions that are "inextricably linked"

with the state court decision.  Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004).  As decisions of the North Carolina Industrial Commission "qualify as judicial actions as opposed to administrative or ministerial processes," its decisions fall within the scope of the Rooker-Feldman doctrine.  See Allstate Ins. Co. v. West Virginia State Bar, 233 F.3d 813, 817 (4th Cir. 2000) (citing Feldman, 460 U.S. at 477); Bey v. North Carolina, No. 5:10-cv-272-BO, 2010 WL 4117393, at *1 (E.D.N.C. Oct. 18, 2010).  Here, the Court is essentially being called on to review a state court decision under the guise of a deprivation of constitutional rights.  The Court has no authority to entertain such a claim.  See Hargrove v. Steiner, No. 5:04cv304-FL(1), 2004 WL 3317654, at *6 (E.D.N.C. Dec. 23, 2004).  This action must, therefore, be dismissed.

## IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1)     Plaintiff's Complaint is dismissed with prejudice.

(2)     The Clerk is instructed to terminate this action.

Signed: October 20, 2014

Frank D. Whitney
Chief United States District Judge